IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| **DONALD J. HURLBERT**, ) | C/A 9:09-1084-HMH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **CITY OF NORTH CHARLESTON** ) | |
| **and GLEN KRAMER,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas. Plaintiff alleges civil rights violations as a result of an allegedly false arrest and imprisonment by a police officer of the City of North Charleston. The Defendants removed this case to United States District Court on the basis of federal question jurisdiction. 28 U.S.C. § 1441(b). Plaintiff thereafter filed an amended complaint on June 17, 2009.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 21, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the motion for summary judgment on January 25,



1

2010.

Defendants' motion is now before the Court for disposition.[1]

**Background**

Plaintiff alleges in his verified complaint[2] that on or about 3 a.m. on the morning of March 20, 2008, he was walking along the outer edge of Rivers Avenue in North Charleston. Plaintiff alleges that he was approached by a North Charleston Police car, at which time he stepped out of the roadway, over a drainage strip, and onto a grassy boulevard (property line) next to a car dealership. Plaintiff alleges that the police officer got out of his patrol car and told him repeatedly that he needed to have gotten out of the road. Plaintiff alleges the officer then asked him if he had a South Carolina driver's license, and that he refused to answer that question. Plaintiff alleges the officer then asked him whether he had been drinking and whether he was drunk, and that he also refused to answer those questions. Plaintiff alleges the officer then told him that he smelled of alcohol.

Plaintiff alleges that in response to another question, he told the officer that he just wanted to "go home", to which the officer responded that he was going to shoot the Plaintiff with a taser. Plaintiff alleges he told the officer that he was wet and not to shoot him with a taser, at which time the officer told him to get on his knees. Plaintiff alleges that he told the officer that he was not going to get on his knees, at which time the officer cautioned him that he was going to

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



"tackle" him. Plaintiff alleges that the officer then proceeded to move behind him, tackle him, handcuff him, and remove the contents of his pants pocket. Plaintiff alleges that he was then placed in the back of the patrol car and transported to the County jail, where the officer "stuffed the traffic tickets in my shirt pocket".

Plaintiff alleges that he was arrested without probable cause and subjected to an unreasonable search. Plaintiff also believes that he was falsely imprisoned for the charge of "obstructing roadway", and alleges that he was eventually found not guilty of this charge by a jury. Plaintiff also alleges that the City of North Charleston violated a state law "duty of care" owed to him, due to the officer having arrested and searched him on improper grounds, and that the officer's conduct constituted an unlawful assault and battery on his person. Plaintiff also alleges that the "police misconduct" committed in this case was a "municipal custom" of the City of North Charleston. Plaintiff seeks monetary damages. See generally, Amended Verified Complaint.

In support of summary judgment in the case, the Defendant Glen Kramer has submitted an affidavit wherein he attests that he is a police officer with the North Charleston Police Department. Kramer attests that on March 20, 2008, he was patrolling in the area of Rivers Avenue when he saw the Plaintiff walking against the flow traffic in the middle lane of the highway. Kramer attests that when he activated his blue lights, the man walked toward the edge of the road, at which time Officer Thomas Bennett also stopped at the scene to see if assistance was needed. Kramer attests that when he stopped his patrol car in the third east bound lane, the Plaintiff "cut around" the car and back into Rivers Avenue. Kramer attests he then asked Plaintiff to move out of the road and onto the grassy area in front of a car dealership. Kramer attests that Plaintiff refused, and had to be escorted from the road. Kramer attests that Plaintiff smelled strongly of alcohol and would not

3



answer his questions, including refusing to say where he was going, where he lived, or where he had been.

Kramer attests that he told the Plaintiff that he was not interested in arresting him for being intoxicated and in the highway, but that they could not just leave him in his condition on the side of the road. However, Plaintiff would not tell them where he lived and became belligerent. Kramer attests that at this point Plaintiff was handcuffed, searched for contraband, and taken to the Charleston County Detention Center, where he was booked without incident. Kramer attests that he cited Plaintiff for public intoxication and for obstructing the roadway.

Kramer attests that Plaintiff requested a jury trial and was tried in the North Charleston Municipal Court on November 18, 2008, where he was found not guilty on the obstructing the roadway charge and guilty on the public intoxication charge. Kramer has attached to his affidavit true and accurate copies of the incident report, citations issued, and booking report with respect to this incident. The booking report shows the not guilty and guilty verdicts referenced by Kramer in his affidavit. See generally, Kramer Affidavit, with attached exhibits.

As attachments to his memorandum in opposition to summary judgment, Plaintiff has submitted what purports to be a picture taken by the dash cam of the police officer's car, a copy of Kramer's affidavit, and a copy of the incident report filed with respect to this matter.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the

4



pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990)

## I.

**False Arrest/Imprisonment/Illegal Search Claims against the City of North Charleston**

With respect to Plaintiff's claim that his constitutional rights were violated by the City of North Charleston, a town or town department may be sued in federal court under 42 U.S.C. § 1983 only if "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690-691 (1978). There is no governmental liability under § 1983 based upon the doctrine of respondeat superior, nor may a governmental entity be held liable under § 1983 merely because it employs a tortfeasor. Monell, 436 U.S. at 691-692. Therefore, a town or town department may only be liable for damages when the execution of the town's policy or custom results in an alleged injury. Id. at 694; Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987), cert. denied, 484 U.S. 1027 (1988).

Plaintiff has failed to cite to any evidence sufficient to create a genuine issue of fact as to whether the actions of the police officer in this case, to the extent they even amounted to a

5



constitutional violation, were the result of a custom or policy of the Defendant city or city police department. Hence, even if the evidence otherwise shows that the Defendant Kramer violated Plaintiff's constitutional rights, his actions cannot be imputed to the City of North Charleston, because there is no evidence of any official policy or custom of the City which would have resulted in the allegedly improper actions taken by the police officer. Indeed, the only time this Defendant is even mentioned in the complaint is when Plaintiff alleges in a general and conclusory paragraph that he "believes" that the alleged police misconduct set forth in his complaint "was a municipal custom". The Court is not required to accept this statement as a basis for maintaining a claim against the City of North Charleston; see Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"], and Plaintiff cites to no specific policy of the City of North Charleston which refers to the conduct alleged in this case, or which would serve to create a genuine issue of fact as to whether the City of North Charleston condoned, through a policy or procedure of the City, improper detentions and arrests by police officers under the circumstances set forth in the evidence before the Court.

Therefore, even if the Court were to otherwise find that the Plaintiff's case against the Defendant Kramer for a violation of his constitutional rights should proceed, the City of North Charleston is entitled to dismissal as a party defendant under this claim. Monell, 436 U.S. at 691-692.



## II.

## Civil Rights Claim Against the Defendant Kramer

With respect to Defendant Kramer, as a North Charleston Police Officer he is subject to suit for damages in his individual capacity under § 1983. Lopez-Buric v. Notch, 168 F.Supp.2d 1046, 1049 (D.Minn. 2001)[City employees may be sued officially, individually, or both.]. However, Plaintiff has failed to present sufficient facts to allow a claim against this Defendant for false arrest/imprisonment or illegal search to proceed.

First, the evidence shows that Plaintiff was convicted on the intoxication charge. Therefore, any claim for damages arising out of his arrest for this charge are barred by Heck v. Humphrey, 512 U.S. 477 (1994), which held that in order to recover damages for an allegedly unconstitutional imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a 1983 Plaintiff must prove that the conviction or sentence has been reversed or declared invalid. Heck, 512 U.S. at 46-47. No evidence, or even any argument, has been presented to show that Plaintiff's intoxication conviction has been reversed, or was even appealed.

Further, even assuming that Plaintiff's not guilty verdict on the obstructing highway charge would otherwise allow him to proceed with a claim for damages, Plaintiff has again failed to present sufficient evidence to justify a denial of summary judgment. In assessing the existence of probable cause for an arrest, courts examine the totality of the circumstances known to the officer or officers at the time of the arrest. Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996). To prove an absence of probable cause, Plaintiff " must allege a set of facts which made it unjustifiable for a reasonable officer to conclude that [he] was violating [the law]". Brown v. Gilmore, 278 F.3d 362, 368 (4th Cir. 2002). Whether an arrestee is ultimately found to be guilty or innocent on the criminal



7

charge itself is not the issue. White v. Coleman, 277 F.Supp. 292, 297 (D.S.C. 1967).

Plaintiff has failed to make any such showing. The evidence before the Court shows that the Plaintiff was walking down a major roadway at three o'clock in the morning. When the Defendant police officer stopped and asked him some questions to determine who he was or where he was going, the Plaintiff (by his own admission) refused to provide any answers, and refused to cooperate with the police officer when he was told he was being taken into custody. Further, regardless of the outcome of the obstructing highways charge, the fact that Plaintiff was found guilty on the intoxication charge establishes probable cause for his arrest. Powers v. Sicklar, No. 93-617, 1995 WL 146272, at * 5 (N.D.N.Y. Mar. 31, 1995)["[A] conviction is conclusive evidence of probable cause"]. Therefore, the undersigned does not find a genuine issue of fact exists as to whether the Defendant acted without probable cause when he arrested the Plaintiff. Taylor, 81 F.3d at 434 [In assessing the existence of probable cause, courts examine the totality of the circumstances known to an officer at the time of the arrest]; Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996)[No claim for false arrest where arrest was made pursuant to probable cause]; cf. Sumpter v. United States, No. 06-1004, 2008 WL 5378232, * 4 (D.S.C. Dec. 19, 2008).

Plaintiff also has no claim for false imprisonment against the Defendant. Jones v. City of Columbia, 389 S.E.2d 662, 663 (S.C. 1990)["An action for false imprisonment cannot be maintained where one is arrested by lawful authority"]. Finally, to the extent Plaintiff alleges he was unlawfully searched, this claim is also without merit as the evidence is sufficient to demonstrate that he was arrested upon probable cause, and there is nothing unlawful about a search incident to arrest under the circumstances shown in the evidence. Holloman v. City of Myrtle Beach, No. 04-1868, 2006 WL 4869353 (D.S.C. June 8, 2006)["[A] lawful custodial arrest creates a situation which



justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area."] (citing Chimel v. California, 395 U.S. 752, 763 (1969)).

### III.

### Tort Claim

Plaintiff also asserts a tort claim against the Defendants, presumably under the South Carolina Tort Claims Act. See S.C. Code Ann. § 15-78-10, et seq. The Defendants have addressed Plaintiff's state tort claim in their brief by arguing that no unreasonable force was used in effecting Plaintiff's arrest, and that under the South Carolina Tort Claims Act, a governmental entity is not liable for a loss resulting from the "supervision, protection, control, confinement, or custody of any . . . prisoner . . . except when the responsibility or duty is exercised in a grossly negligent manner." See Hollins v. Richland County School Dist. One, 427 S.E.2d 654, 656 (S.C. 1993)[Defining gross negligence as the conscious doing of a thing intentionally that one ought not to do.]. Plaintiff argues he was treated with "gross negligence", and was subjected to an assault and battery by the police officer.

If the Court adopts the recommendation set forth herein with regard to Plaintiff's federal claims, his pendant state law tort claims will be the only claims remaining in this lawsuit. When federal claims presented in a case originally filed in state court are dismissed, any remaining state law claims are ordinarily remanded back to state court for resolution under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). This doctrine recognizes the state courts's role



9

in determining whether summary judgment on state law claims in warranted, and, if summary judgment were to be denied, that it would be much more appropriate for the state law claims to be considered and tried by the state courts.

Therefore, if the Court adopts the recommendation for dismissal of Plaintiff's federal claims, Plaintiff's remaining state law causes of action should be remanded back to state court for disposition. Gibbs, supra.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted** with respect to Plaintiff's federal claims, and that these claims be dismissed. This case should then be **remanded** back to state court for disposition of Plaintiff's remaining state law causes of action.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 3, 2010
Charleston, South Carolina

10



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

