IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Donald J. Hurlbert, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 9:09-1084-HMH-BM |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| City of North Charleston and | ) | |
| Glen Kramer, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Donald J. Hurlbert ("Hurlbert"), proceeding pro se, brings this action alleging federal claims under 42 U.S.C. § 1983 and various state law claims. Defendants filed a motion for summary judgment on December 21, 2009. In his Report and Recommendation, Magistrate Judge Marchant recommends granting Defendants' motion for summary judgment on Hurlbert's federal claims and remanding the case to state court for the disposition of the remaining state law claims.

I. Factual and Procedural History

This case arises out of Hurlbert's arrest on the morning of March 20, 2008, for obstructing the roadway and public intoxication. At approximately 3:00 a.m. on March 20, 2008,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Officer Glen Kramer ("Officer Kramer") of the City of North Charleston Police Department observed Hurlbert walking along Rivers Avenue, a six-lane highway. (Am. Compl. ¶ 2); (Defs. Mem. Supp. Summ. J. 1.) Officer Kramer stopped his patrol car by the side of the road and asked Hurlbert if he had a South Carolina driver's license. (Am. Compl. ¶ 7.) Hurlbert refused to answer the question. (Id.) Officer Kramer then approached Hurlbert and began asking him questions such as "'Have you been drinking?' and 'Are you drunk?'" (Id. ¶ 9.) Hurlbert again refused to answer the question. (Id.) "It was at that time that [Officer Kramer] told [Hurlbert] he thought [Hurlbert] was drunk[], and . . . smelled of alcohol." (Id.)

Officer Kramer then asked Hurlbert "where [he] came from and where [he] was headed" to which Hurlbert responded, "South . . . Sir, I just want to go home." (Am. Compl. ¶¶ 9-10.) According to Hurlbert, Officer Kramer then told him that he was going to shoot him with a taser gun. Officer Kramer allegedly told Hurlbert to get on his knees and Hurlbert responded, "Sir, I'm not getting on my knees." (Id. ¶ 10.) Officer Kramer then allegedly "proceeded to . . . move[] behind [Hurlbert], tackled [him], handcuffed [him], and removed the contents of [Hurlbert's] pants' pockets." (Id. ¶ 11.) Hurlbert was charged with obstructing the roadway and public intoxication.

A jury trial was held for the two offenses on November 18, 2008. The jury found Hurlbert not guilty on the obstructing the highway charge and guilty on the public intoxication charge. (Def. Mem. Supp. Summ. J. 2.) Hurlbert filed a complaint against the city of North Charleston ("the City") on February 17, 2009, in the Court of Common Pleas of Charleston County, South Carolina, alleging claims for wrongful arrest, false imprisonment, assault and battery, gross negligence, and illegal search and seizure. The City removed the case to federal court on

April 23, 2009. Hurlbert filed an amended complaint on June 17, 2009, naming Officer Kramer as an additional defendant. Defendants filed a motion for summary judgment on December 21, 2009. Hurlbert filed a memorandum in opposition to summary judgment on January 25, 2010. Magistrate Judge Marchant recommends granting Defendants' motion for summary judgment "with respect to [Hurlbert's] federal claims" and remanding the case "back to state court for disposition of [Hurlbert's] remaining state law causes of action." (Report and Recommendation 10.)

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B. Report and Recommendation

Magistrate Judge Marchant considered Hurlbert's claims for false imprisonment, unlawful arrest, and illegal search as claims arising under 42 U.S.C. § 1983. (Report and Recommendation 5-10.) The magistrate judge concluded that Hurlbert's § 1983 claims failed against the City and Officer Kramer. (Id.) Accordingly, the magistrate judge recommends granting Defendants' motion for summary judgment as to the false imprisonment, unlawful arrest, and illegal search claims and remanding the remaining state law claims to state court.

### C. Objections

Hurlbert filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Hurlbert's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Hurlbert

argues that the magistrate judge erred in finding (1) that he raised more than one federal claim in his complaint and (2) that he failed to survive summary judgment on his Fourth Amendment claim. (Objections, generally.)

Hurlbert argues that he only raised one "section 1983 claim" in his complaint based on an illegal search in violation of the Fourth Amendment. (Id. 1-3.) Hurlbert states that the unreasonable search claim is against Officer Kramer only while his remaining claims are raised against the City. (Id.) Hurlbert states that he "sued the City of North Charleston, pursuant to state law . . . for wrongful arrest, false imprisonment, assault[,] . . . battery . . . , and gross negligence." (Id. at 3.) Hurlbert's complaint, however, raises two § 1983 claims–unlawful arrest and an illegal search–both in violation of the Fourth Amendment.

As an initial matter, although the magistrate judge addressed Hurlbert's false imprisonment claim against the City under § 1983, it is a state law claim and does not arise under § 1983. The tort of false imprisonment "is largely irrelevant to [Hurlbert's § 1983] claim[s] of deprivation of liberty without due process of law." Baker v. McCollan, 443 U.S. 137, 145 (1979). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." Id. at 146. Accordingly, false imprisonment is not a violation of the Fourteenth Amendment merely because the defendant is a municipality. Id. Consequently, Hurlbert's false imprisonment claim is not a federal claim arising under 42 U.S.C. § 1983; it is a state law claim. Hurlbert's complaint, therefore, alleges an unlawful arrest claim arising under § 1983 and various state law claims against the City and an unlawful search claim arising under § 1983 against Officer Kramer.

### 1. Unlawful Arrest Claim Against the City

"An unlawful arrest claim asserts a violation of the Fourth Amendment right against unreasonable seizures of a person." Klen v. City of Crown Point, No. 2:05-CV-151, 2006 WL 3332926, at *6 (N.D. Ind. Nov. 14, 2006) (unpublished). As such, Hurlbert's wrongful arrest claim against the City is a claim arising under 42 U.S.C. § 1983. "[A] municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury." Leatherman v. Tarrant County Narcotics Intelligence & Coordination, 507 U.S. 163, 166 (1993). "[M]unicipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially sanctioned or ordered." City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 691 (1978).

Hurlbert has not argued that his arrest, to the extent that it may have violated his constitutional rights, was the result of an official custom, practice, or order sanctioned by the city or its officials. Hurlbert merely alleges that he "believed there was a duty of care owed by City of North Charleston to [me], in that the City of North Charleston was established in part, to have established justice and have secured the Blessings of Liberty to a resident, such as myself." (Am. Compl. ¶ 21.) Additionally, Hurlbert alleges that he "believed the police misconduct was a municipal custom." (Id. ¶ 38.) These allegations, however, are insufficient to survive summary judgment. Hurlbert has not presented the court with any evidence to establish a genuine issue of material fact regarding whether his arrest, to the extent that it violated his Fourth Amendment

rights, was the result of an official custom or policy of the City. Moreover, Hurlbert has not presented evidence sufficient to raise issues of fact regarding his Fourth Amendment claim of unlawful arrest. As such, the court grants the City summary judgment on Hurlbert's Fourth Amendment claim of unlawful arrest.

## 2. Unlawful Search Claim Against Officer Kramer

Hurlbert also objects to the magistrate judge's conclusion that his unlawful search claim against Officer Kramer fails to survive summary judgment. (Objections, generally.) The magistrate judge concluded that Hurlbert's Fourth Amendment claim was "without merit as the evidence is sufficient to demonstrate that he was arrested upon probable cause, and there is nothing unlawful about a search incident to arrest under the circumstances shown in the evidence." (Report and Recommendation 8.)

Hurlbert argues that Officer Kramer "clearly did not have probable cause to have searched my person, and, thus, conducted the search unreasonably, in violation of the Fourth Amendment." (Am. Compl. ¶ 16.) "In assessing the existence of probable cause, courts examine the totality of the circumstances known to the officer at the time of the arrest." Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996). "Probable cause exists when the facts and circumstances known to the officer would warrant the belief of a prudent person that the arrestee had committed or was committing an offense." Id. (internal quotation marks omitted). "Probable cause must be supported by more than a mere suspicion, but evidence sufficient to convict is not required." Id.

Hurlbert was observed walking on a six-lane highway at 3:00 a.m. (Am. Compl. ¶ 2.) After exiting his patrol car, Officer Kramer asked Hurlbert whether he had a driver's license and Hurlbert refused to answer Officer Kramer's question. (Id. ¶ 7.) Officer Kramer then walked

toward Hurlbert and asked him if he had been drinking and told Hurlbert that he smelled of alcohol. (Id. ¶ 9.) Hurlbert was not searched prior to Officer Kramer's observation that Hurlbert smelled of alcohol. Officer Kramer states that when he first observed Hurlbert, he was "walking against the flow of traffic in the middle lane of the highway." (Pl. Mem. Opp'n Summ. J. Attach. 1 (Officer Kramer Aff. ¶ 2).) Officer Kramer states that he could not leave Hurlbert walking on a major highway while intoxicated so he "handcuffed [Hurlbert], searched for contraband, and [took him] to the Charleston County Detention Center." (Id. Attach. 1 (Officer Kramer Aff. ¶ 6).) Hurlbert was later charged with and found guilty of public intoxication.

Hurlbert has failed to provide sufficient evidence to indicate that Officer Kramer lacked probable cause for the arrest. "When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape." Chimel v. California, 395 U.S. 752, 762-63 (1969). "In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." Id. Accordingly, Officer Kramer's search of Hurlbert did not violate the Fourth Amendment. Therefore, the court grants Defendant Officer Kramer's motion for summary judgment on the unlawful search claim. Further, the court remands this matter to the Court of Common Pleas of Charleston County, South Carolina, for the disposition of Hurlbert's remaining state law claims against the City.

Based on the foregoing, the court adopts the portions of the Report and Recommendation of Magistrate Judge Marchant that are consistent with this opinion and grants Defendants' motion for summary judgment.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 38, is granted as to the Fourth Amendment claims. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Charleston County, South Carolina for the disposition of Hurlbert's remaining state law claims.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
April 12, 2010

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.